

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MANN, Sr.; et al., | No. 19-15483 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-01201-WBS-DB |
| and | |
| ZACHARY MANN; WILLIAM MANN, | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| SACRAMENTO POLICE DEPARTMENT; SAMUEL D. SOMERS, Jr., | |
| Defendants, | |
| and | |
| JOHN C. TENNIS; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 14, 2020
San Francisco, California

Before:  GOULD and CHRISTEN, Circuit Judges, and LASNIK,[**] District Judge.

Plaintiffs-Appellants Robert Mann, Sr., Vern Murphy-Mann, and Deborah Mann appeal from the district court's order granting Defendants-Appellees' motion to dismiss in a § 1983 action alleging deprivation of their First Amendment right to familial association with their adult brother.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.[1]

A prior panel reviewed an interlocutory appeal in this case and concluded that Plaintiffs' initial complaint failed to adequately allege facts showing that they had a constitutionally protected relationship with the decedent.  *See Mann v. City of Sacramento*, 748 F. App'x 112 (9th Cir. 2018) ("*Mann II*").  In accordance with General Order 4.3.a, the memorandum disposition provided a concise explanation of its decision, but we recognize that the explanation may have caused confusion on remand.

As relevant here, *Mann II* concluded that Plaintiffs' complaint did not allege facts establishing a First Amendment right of familial or intimate association, as

---

[**]  The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

[1]  Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

2

recognized in *Board of Directors of Rotary International v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987), and its progeny. 748 F. App'x at 114. We stated that even if Plaintiffs' complaint met *Rotary Club*'s standard, their intimate-association claims would be foreclosed by *Ward v. City of San Jose*, 967 F.2d 280, 283–84 (9th Cir. 1991). *Ward* held that a decedent's adult siblings lacked "a cognizable liberty interest in their brother's companionship" under the substantive Due Process Clause of the Fourteenth Amendment. *Id. Ward* did not discuss cohabitation. Nevertheless, because *Mann II* stated that *Ward* barred intimate-association claims by "adult, non-cohabitating siblings," 748 F. App'x at 115, the *Mann II* decision was interpreted on remand as requiring that Plaintiffs plead facts demonstrating their cohabitation with the decedent to sustain their First Amendment intimate-association claim.

We conclude that *Mann II*'s statement that *Ward* "would" foreclose Plaintiffs' First Amendment claim "even if" they had pleaded sufficient facts, *see id.*, is dicta. *See Trent v. Valley Elec. Ass'n, Inc.*, 195 F.3d 534, 537 (9th Cir. 1999). First, *Ward* did not create a cohabitation requirement or purport to govern First Amendment claims; *Ward* addressed only Fourteenth Amendment intimate-association claims brought by adult siblings. *See Ward*, 967 F.2d at 284.

Second, *Mann II* cited the *Rotary Club* line of cases in addressing the sufficiency of Plaintiffs' First Amendment allegations, and it recognized that cohabitation was one of several objective indicia that courts *may* consider when assessing whether Plaintiffs were deprived of their intimate-association right. 748 F. App'x at 114; *see also Rotary Club of Duarte*, 481 U.S. at 545; *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 685-86 (9th Cir. 2001); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir. 1995).

Finally, *Mann II* could not have held that *Ward* forecloses Plaintiffs' First Amendment claim because it expressly decided that the district court could allow Plaintiffs to amend on remand. *See* 748 F. App'x at 115. If *Ward* controlled the First Amendment analysis, amendment would have been futile because no amendment could change the fact that Plaintiffs are the decedent's adult siblings. We therefore remand for consideration of Plaintiffs' First Amendment claim under the standard set forth in *Rotary Club* and its progeny. 481 U.S. at 545; *Keates*, 883 F.3d at 1236; *Lee*, 250 F.3d at 685-86.

**REVERSED and REMANDED.**

4